[Cite as *State v. Hogya*, **2024-Ohio-639.**]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

HOPE C. HOGYA,

        Defendant-Appellant.

**CASE NO. 2023-L-063**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 000566

---

**O P I N I O N**

Decided: February 20, 2024
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Sarah G. Ogden*, Megargel, Eskridge, & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Hope C. Hogya, appeals her conviction and sentence for Violating a Protection Order. For the following reasons, Hogya's conviction and sentence are affirmed.

{¶2} On July 22, 2022, the Lake County Grand Jury indicted Hogya for two counts of Violating a Protection Order, felonies of the fifth degree in violation of R.C. 2919.27(A)(1).

{¶3} On November 2, 2022, Hogya entered a plea of guilty to one count of Violating a Protection Order. The other count was dismissed.

{¶4} On December 7, 2022, the trial court sentenced Hogya to a community control sanction for a period of two years. Inter alia, the court imposed the following specific sanction: "The Defendant is to complete the inpatient program at Square One and is to follow all recommendations including aftercare recommendations."

{¶5} On February 8, 2023, the State filed a Motion to Terminate Community Control Sanctions, alleging the following violation of Rule #11: "On December 5, 2022, defendant was ordered to enter Square One, follow all treatment recommendations, and to reside in sober living for six months. On February 1, 2023, she was unsuccessfully discharged from sober living and treatment."

{¶6} On May 5, 2023, the State filed a Supplement to Motion to Terminate Community Control, alleging the violation of Rule #3: "Defendant has not appeared for probation appointments since January 31, 2023."; and Rule #4: "Since being discharged from Square One sober living on February 1, 2023, defendant has not provided this officer with an updated address."

{¶7} On May 18, 2023, a probable cause hearing was held at which Hogya pled guilty to all three rule violations.

{¶8} On May 22, 2023, the trial court issued a Judgment Entry ordering "that Defendant's community control sanctions are hereby terminated and that the Defendant, Hope C. Hogya, be sentenced to serve a term of nine (9) months in the Ohio Reformatory for Women, Marysville, Ohio, with credit for twenty-three (23) days time served."

{¶9} On June 6, 2023, Hogya filed a Notice of Appeal. On appeal, she raises three assignments of error:

> [1.] The trial court erred by sentencing Ms. Hogya to nine months['] imprisonment for technical violations of probation.
>
> [2.] Appellant's plea was not made knowingly, intelligently, and voluntarily due to ineffective assistance from her trial counsel, who allowed her to enter a plea of guilty despite the state violating her statutory and constitutional rights to a speedy trial.
>
> [3.] The trial court erred by granting Ms. Hogya only eight days jail-time credit when she spent 148 days in jail related to the underlying charge.

{¶10} Under the first assignment of error, Hogya argues that her probation violations were technical in nature and, therefore, the trial court could only sentence her to a maximum of ninety days in prison.

{¶11} "As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2)." (Citation omitted.) *State v. Demangone*, 12th Dist. Clermont No. CA2022-11-081, 2023-Ohio-2522, ¶ 11; *State v. Elliott*, 1st Dist. Hamilton No. C-220339, 2023-Ohio-1459, ¶ 11. According to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶12} If an offender has been placed on community control for committing a fifth-degree felony, the trial court's ability to impose a prison sentence upon the offender for violating the terms of his community control is subject to the following limitations: "If the

3

prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days * * *." R.C. 2929.15(B)(1)(c)(i); *State v. Castner*, 163 Ohio St.3d 19, 2020-Ohio-4950, 167 N.E.3d 939, ¶ 10. A "technical violation" for present purposes means "a violation of the conditions of a community control sanction imposed for a felony of the fifth degree" unless "[t]he violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition." R.C. 2929.15(E)(2).

{¶13} "In determining whether a violation of community control is a technical or nontechnical violation, a trial court should * * * 'engage in a practical assessment of the case before it, i.e., * * * consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case.'" *Demangone* at ¶ 14, quoting *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, ¶ 26. "Such considerations will be especially helpful in determining under R.C. 2929.15(E)(2) whether an offender's articulated or demonstrated refusal to participate in a condition of the offender's community control demonstrates that the offender has abandoned the objects of his or her community-control condition." *Id.*

{¶14} In the present case, Hogya's failure to complete the inpatient program at Square One does not constitute a technical violation of her community control and so the trial court was not limited to imposing a prison term of ninety days for the violation. We note that the failure to complete a treatment program when ordered to do so as a condition

4

of a community control sanction has often been found to be non-technical in nature, although some of these cases were decided prior to adoption of the statutory definition of a "technical violation" on April 12, 2021. *Castner* at ¶ 16; *Elliott*, 2023-Ohio-1459, at ¶ 16; *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 15; *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18.

{¶15} When sentencing Hogya for the violation, the trial court made it clear that, by being unsuccessfully discharged from sober living and treatment at Square One, she had abandoned the objects of her community control sanction:

> You know, the problem here is that Ms. Hogya has before, and is continuing in this case, to take the position that she's going to do things the way she wants to do it. It doesn't matter what the Court orders, it doesn't matter what other people say, she's going to do it how she wants to do it and that's not the way it works. You don't make the decisions in regards to what treatment you're going to do. What conditions you're not going to follow. You don't decide that this condition doesn't make sense, "Then there's no reason I should do it so I'm not going to do it." You don't decide what treatment you're going to do. The Court decides that. Probation decides that. You don't accept that. You never have before and you're still not doing that.
>
> Now, you've been on probation to me before in the past and you've violated multiple times. I sent you to Oak House before and you got kicked out of that program for not being successful -- for unsuccessfully being discharged there.
>
> I gave you a second chance when I put you on probation in this case. Because before that you were on probation to me previously and you * * * violated multiple times before I sent you to prison and you've got out and you've continued the criminal conduct. You were on probation at the time you did this and you've continued being on -- performing on probation the same way you've always been on probation and that's to do things the way you want to do them. Well, that's not the way it works. I'm not going to send you back to a program that you were terminated from unsuccessfully last time [Hogya asked the court to receive treatment at Oak House instead of Square One]. I mean it's clear to the Court that you're just not amenable to community control sanctions.

5

Case No. 2023-L-063

{¶16} Hogya argues the requirement that she complete the Square One residential treatment program was not related to the underlying conviction for Violating a Protection Order. "There is no indication in the record that any drug or alcohol use contributed to her violation of protection order. It cannot be said that the residential treatment program requirement was '"specifically tailored to address" matters related to the defendant's misconduct or * * * a "substantive rehabilitative requirement which addressed a significant factor contributing to" the defendant's misconduct.'" Brief of Defendant-Appellant at 5, quoting *Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, at ¶ 26.

{¶17} We reject Hogya's argument. As an initial matter, *Nelson*'s holding that non-technical violations must relate to the underlying misconduct or constitute a substantive rehabilitative requirement predates the enactment of R.C. 2929.15(E). While it has been stated that the *Nelson* decision remains "relevant" or "instructive" after the adoption of R.C. 2929.15(E), there can be no question that the statute is ultimately controlling. *Demangone*, 2023-Ohio-2522, at ¶ 14 ("*Nelson* remains relevant"); *State v. Crose*, 3d Dist. Crawford No. 3-22-34, 2023-Ohio-880, ¶ 12 ("*Nelson* remains instructive"); *State v. Bryant*, 160 Ohio St.3d 113, 2020-Ohio-1041, 154 N.E.3d 31, ¶ 12 ("[i]f the statutory language is clear and unambiguous, [the courts] apply it as written, giving effect to its plain meaning"). Nevertheless, even applying the standard for a non-technical violation set forth in *Nelson*, Hogya's argument fails. As noted *supra* at ¶ 14, under the *Nelson* standard, Ohio courts routinely found the failure to complete a treatment program to be a non-technical violation of community control sanctions. In the present case, it is abundantly clear that, at the time Hogya was sentenced for Violating a Protection Order,

6

Case No. 2023-L-063

all parties considered the successful completion of the Square One residential treatment program to be a substantive rehabilitative requirement of her community control sanctions. As stated by defense counsel: "We're hopeful that she is able to comply [with Square One]. Stay in treatment, stay sober. Stay out of trouble and we're looking forward to not seeing her in court again." As stated by Hogya: "I'll stay in their program and go to the sober living and, I don't know, I really like it there. And I definitely, definitely plan on staying sober and not coming back." And as stated by the prosecutor: "[T]he State is also recommending community control sanctions with an emphasis and recommendation that she continue with the treatment program at Square One, continue with sober living."

{¶18} Hogya also argues that she "was not unsatisfactorily discharged from the program because she lost sobriety, but because of an interpersonal conflict, which is in and of itself a technical violation." Brief of Defendant-Appellant at 5. Again, we disagree. Contrary to Hogya's claim that she was unsuccessfully discharged because of an interpersonal conflict, the trial court deemed her failure to be part of a continuing pattern of willful disregard for the conditions of her community control sanctions. Accordingly, her unsuccessful discharge satisfies the standard set by R.C. 2929.15(E)(2) ("[t]he violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition"). *Compare Demangone* at ¶ 17 ("[t]he court was entitled to discredit appellant's excuses for violating his community control and find that appellant's actions demonstrated his refusal to participate in a

7

community-control condition that had been specifically tailored to address matters relating to his alcohol usage, which contributed to his trespass in a habitation offense").

{¶19} We wish to clarify that the trial court's comments referencing Hogya's repeated failure to abide by the conditions of probation is a relevant consideration in imposing a sentence for the present violation of her community control sanctions but is only minimally relevant to the issue of whether the violation itself was a "technical violation." As noted above, a non-technical violation is described by R.C. 2929.15(E)(2) as a violation that demonstrates a refusal to participate in the community control sanction or condition and that the offender has abandoned the objects of the community control sanction or condition. It is the comments made by the court and parties at the time Hogya entered her plea that demonstrate that the successful completion of Square One was an essential element of her community control sanction. At sentencing, the court found that Hogya had abandoned this element so that the violation was of a non-technical nature while also observing that her conduct was part of a pattern of refusing to abide by the conditions of her community control.

{¶20} With respect to the violations for failing to appear for probation appointments and failing to provide the probation officer with an updated address, the trial court did not indicate whether it considered these to be technical or non-technical violations. Since we have already concluded that the failure to complete the Square One residential treatment program constituted a non-technical violation, it is not necessary that we determine the nature of these violations. *Elliott*, 2023-Ohio-1459, at ¶ 18 ("[b]ecause the prison term imposed on Elliott was for both technical and nontechnical violations, the trial court was not limited to imposing the 180-day period for technical violations").

8

{¶21} The first assignment of error is without merit.

{¶22} In the second assignment of error, Hogya argues that she received ineffective assistance of counsel with respect to her speedy trial rights.

{¶23} "To establish ineffective assistance of counsel, [a defendant] must show (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, 209 N.E.3d 621, ¶ 36. "When a defendant enters a guilty plea, he waives a claim of ineffective assistance of counsel except to the extent that ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary." *State v. Hatcher*, 8th Dist. Cuyahoga No. 112552, 2023-Ohio-3884, ¶ 24; *State v. Brown*, 11th Dist. Trumbull No. 2023-T-0010, 2023-Ohio-2540, ¶ 9. "To prevail on an ineffective assistance of counsel claim in such circumstances, the defendant must show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial." *Hatcher* at ¶ 24.

{¶24} "A person against whom a charge of felony is pending: * * * shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge; [and] shall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(1) and (2).

9

{¶25} The present case was originally filed in Mentor Municipal Court on March 21, 2022. After twice failing to appear for arraignment, a warrant was issued for Hogya's arrest. Hogya was arrested on the underlying charge on May 17, 2022. At this time, bond was set and a preliminary hearing was scheduled for May 25. There is no indication that Hogya posted bond or was otherwise released from custody following her arrest. On May 25, the preliminary hearing was rescheduled for June 1. At the preliminary hearing, Hogya was bound over to the Lake County Court of Common Pleas. She argues her speedy trial rights were violated because she did not receive a preliminary hearing within ten days of her arrest as she was held in jail until the hearing.

{¶26} We find no error for the reason that Hogya cannot establish prejudice. When an accused is not accorded a preliminary hearing as required by R.C. 2945.71 the felony charge shall be dismissed, however, "[s]uch a dismissal has the same effect as a nolle prosequi," i.e., "without prejudice to the initiation of further criminal proceedings." R.C. 2945.73(A); *State v. Bonarrigo*, 62 Ohio St.2d 7, 12, 402 N.E.2d 530 (1980). "Thus, a valid indictment can be returned subsequent to either a nolle prosequi or a dismissal of prior felony charges for failure to provide a preliminary hearing within 15 [or 10] days of the initial arrest." *Bonarrigo* at 12; *State v. Lichtenwalter*, 5th Dist. Guernsey Nos. 20CA000013 and 20CA000023, 2021-Ohio-1394, ¶ 32 ("even though the appellant was not provided a timely preliminary hearing, he was subsequently indicted by a grand jury following a bind over and convicted"); *State v. Washington*, 30 Ohio App.3d 98, 99, 506 N.E.2d 1203 (8th Dist.1986) ("the general rule is that a subsequent indictment by the grand jury renders any defects in the preliminary hearing moot"). Hogya was indicted by

10

Case No. 2023-L-063

the Lake County Grand Jury on July 22, 2022, thus rendering moot any error in the timeliness of the preliminary hearing.

{¶27} Hogya further asserts that her guilty plea was entered more than two hundred and seventy days following her arrest. According to Hogya's calculations, a period of seventy-two days passed between her arrest (May 17) and a court-ordered competency evaluation on July 28, 2022, which tolled the speedy-trial time. R.C. 2945.72(B) ("[t]he time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period * * * during which the accused's mental competence to stand trial is being determined"). The trial court determined that she was competent on September 14, 2022. Twenty-eight days later, on October 12, 2022, Hogya posted bond and was released from jail. This period of one hundred days during which she remained in jail in lieu of bail counts as three hundred days for speedy-trial purposes. R.C. 2945.71(E) ("each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days"). Although entitled to discharge at this point (October 12), Hogya would not plead guilty for another twenty-one days on November 2, 2022.

{¶28} The State essentially follows Hogya's dates and calculations with one exception: the State contends that, on May 25, 2022, Hogya began serving a jail sentence in Mentor Municipal Court Case No. CRB2101251A, and so lost the benefit of the statutory triple-count provision. *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40 (1976) ("R.C. 2945.71([E]) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge"). Adjusting the calculations so that Hogya enjoyed the

11

benefit of the triple-count provision from May 17 to 25 only, a total of one hundred thirty-eight days elapsed before the entry of her guilty plea (November 2).[1]

{¶29} Hogya counters that "[t]he record does not indicate that Ms. Hogya was serving a sentence in any other matter during the pendency of this case." Reply Brief of Defendant-Appellant at 3. We disagree. The presentence investigation report records a conviction for "Violate TPO" in Mentor Municipal Court Case No. 21CRB1251 with the following notation: "May 25, 2022 Found guilty of probation violation; 146 days jail forthwith." At the time she was originally sentenced in the present matter, defense counsel advised the court that, "[p]rior to entering Square One Recovery, [Hogya] was in the Lake County Jail for about a hundred and twenty days on a different unrelated matter." Likewise, the prosecutor advised the court that "[Hogya] was awaiting sentencing on a different violating a protection order" during the pendency of this case. We further note that Hogya appealed the jail sentence imposed in the "different unrelated matter" with this Court which appeal was the subject of *State v. Hogya*, 11th Dist. Lake Nos. 2022-L-058 and 2022-L-059, 2023-Ohio-342. Accordingly, Hogya has failed to demonstrate that her plea was invalid on account of trial counsel not seeking to dismiss the charges for speedy-trial violations.

{¶30} The second assignment of error is without merit.

{¶31} In the third assignment of error, Hogya argues the trial court erred in only awarding her eight days of jail-time credit rather than the full one hundred forty-eight days she spent in jail while the case remained pending, i.e., from her arrest (May 17) until her

---

1. Between May 17 and 25, twenty-four days elapsed at the three to one count; between May 25 and July 28, sixty-five days elapsed; and between September 14 and November 2, forty-nine days elapsed.

12

Case No. 2023-L-063

posting bond (October 12). We note that Hogya's argument relates to her initial sentencing on December 5, 2022, when the court imposed community control sanctions. If the award of eight days at the initial sentencing was proper, the award of twenty-three days of jail-time credit at the sentencing for violating her community control sanctions is also proper (inasmuch as she was arrested on May 4, 2023, for violating her community control sanctions and was sentenced to prison on May 18).

{¶32} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the total number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term." R.C. 2929.19(B)(2)(g)(i). "A defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, syllabus.

{¶33} As under the second assignment of error, the question of whether Hogya was in jail as of May 25 on an unrelated case is determinative. If Hogya was serving a jail-sentence for an unrelated case, she would only be entitled to eight days of credit from May 17 to 25. The evidence that she did, in fact, begin a jail sentence on May 25 for an unrelated case was set forth under the second assignment of error. Here, we additionally note that eight days of jail-time credit is consistent with the amount of credit as determined by the presentence investigation report ("8 days as of December 5, 2022") and with the trial court's own explanation of its sentence: "I'm going to sentence you to serve eight

13

days in jail and you have eight days of credit on this case.  So that the record's clear on how much time there has been so far in this case.  The other time obviously was on the probation violation you received."

{¶34}  The third assignment of error is without merit.

{¶35}  For the foregoing reasons, Hogya's conviction and sentence for Violating a Protection Order are affirmed.  Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2023-L-063