[Cite as *State v. Howard*, 2024-Ohio-2527.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-09-067 |
| - vs - | : | O P I N I O N<br>7/1/2024 |
| | : | |
| DAVID MITCHELL HOWARD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2023 CR 000105

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nick Horton, Assistant Prosecuting Attorney, for appellee.

Eppley Legal Group, and Mark C. Eppley, for appellant.

**HENDRICKSON, J.**

{¶ 1} Defendant/Appellant, David Mitchell Howard, appeals his convictions in the Clermont County Court of Common Pleas for felonious assault, improperly discharging a firearm at or into a habitation or a school safety zone, and menacing by stalking.

{¶ 2} On January 27, 2023, a criminal complaint was filed in the Clermont County Municipal Court (Case No. 2023-CR-A-00298), charging Howard with felonious assault

and improperly discharging a firearm at or into a habitation or a school safety zone. At arraignment, Howard pled not guilty, and a preliminary hearing was scheduled for February 9, 2023.

{¶ 3} However, just hours before the scheduled preliminary hearing, Howard was indicted in the Clermont County Court of Common Pleas (Case No. 2023-CR-000105). The indictment stemmed from the same events that led to the criminal complaint in municipal court. In the indictment, Howard was again charged with felonious assault and improperly discharging a firearm at or into a habitation or a school safety zone as well as with two new counts of menacing by stalking.

{¶ 4} After the filing of Howard's common pleas case but before the scheduled time for the preliminary hearing in his municipal court case, the municipal court dismissed the charges against Howard in municipal court at the State's request. Nonetheless, counsel appeared before the municipal court at the previously scheduled time for the preliminary hearing. Howard's counsel asserted that Howard was entitled to a preliminary hearing and stated:

> Mr. Howard is before this Court on and to preserve Mr. Howard's rights regarding the potential violations of due process under both the 4th and 14th Amendment of the U.S. Constitution[,] [a]ny and all violations of due process potentially under the Ohio Constitution[,] any and all violations potentially of municipal court, local rules, and/or common pleas, court local rules for Clermont County as well as rules of criminal procedure for Ohio and the Ohio rules of appellate procedure.

The municipal court rejected Howard's arguments because the case had already been dismissed and Howard's charges were now exclusively before the common pleas court.

{¶ 5} On February 14, 2023, Howard pled not guilty in the common pleas case, but on August 4, 2023, he pled no contest to all but one of the menacing charges, which the State dismissed. Howard was sentenced to eight years imprisonment with an

additional indefinite three- to four-and-a-half-year sentence of imprisonment served consecutively.

{¶ 6} Howard filed his appeal on September 25, 2023 and raises three assignments of error:

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURTS ERRED AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS RIGHTS TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION, OHIO CONSTITUTION, AND FEDERAL AND STATE LAWS AND/OR RULES AND/OR STATUTES, WHEN IT FAILED TO AFFORD THE DEFENDANT A PRELIMINARY HEARING.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURTS ERRED AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS RIGHTS TO FUNDAMENTAL FAIRNESS WHEN IT FAILED TO AFFORD THE DEFENDANT A REMEDY FOR FAILING TO AFFORD THE DEFENDANT-APPELLANT A PRELIMINARY HEARING.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURTS ERRED AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS RIGHT TO EQUAL PROTECTION AFFORDED TO HIM THROUGH THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.

{¶ 13} The crux of Howard's arguments on appeal is that he was denied a preliminary hearing in his municipal court case in violation of Ohio Criminal Rule 5 as well as the U.S. and Ohio Constitutions. Under Crim.R. 5(B), a preliminary hearing may be held wherein the court will determine whether "probable cause [exists] to believe the crime alleged or another felony has been committed and that the defendant committed it." The Ohio Supreme Court held long ago that "the only purpose of a preliminary hearing is to

- 3 -

determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury and to set bail * * *." *State v. Wigglesworth*, 18 Ohio St.2d 171, 174 (1969). The Court also said, however, that "once an indictment has been returned by the grand jury a preliminary hearing * * * is no longer necessary." *Id.*

{¶ 14} Upon review, we find several issues that obviate the need to consider the merits of Howard's assignments of error. First and foremost, Howard has appealed from the wrong case. Howard is only challenging the municipal court's decision to dismiss his municipal case (2023-CR-A-00298) and not his plea, conviction, or sentence in the common pleas case (2023-CR-000105). As the municipal case was dismissed over one year ago, the time for appeal has run. Ohio App.R. 4.

{¶ 15} Secondly, Howard has no standing to make an appeal. The right to appeal "lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160, syllabus (1942). *See also State v. Bates,* 2022-Ohio-475*, ¶* 20, quoting *Ohio Contract Carriers Assn*. Moreover, "a subsequent indictment of the defendant by a grand jury renders any defects in the preliminary hearing moot." *State v. Washington*, 30 Ohio App.3d 98, 99 (8th Dist. 1986). *See also, State v. Bonarrigo*, 62 Ohio St.2d 7, 12 (1980), *State v. Hogya*, 2024-Ohio-639, ¶ 26 (11th Dist.), quoting *Bonarrigo*.

{¶ 16} We fail to see how Howard, a criminal defendant, was aggrieved by the municipal court's dismissal of the charges against him. In fact, Ohio Crim.R. 5(B)'s only mention of appellate review states "No appeal shall lie from [a finding requiring the accused to stand trial on any charge] and the discharge of [a] defendant shall not be a bar to further prosecution." Crim.R. 5(B)(5). Ultimately, it is unreasonable to believe Howard was injured by dismissal of his municipal court case prior to a preliminary hearing,

particularly considering the fact Howard was indicted before the hearing was set to occur.

{¶ 17} Finally, we find Howard waived all issues regarding the preliminary hearing. Within his first assignment of error, Howard argues that Crim.R. 5 violates the Supremacy Clause of the U.S. Constitution by being more restrictive than the rule's federal counterpart. We need not reach the merits of this specific argument because while Howard raised constitutional concerns below, application of the Supremacy Clause to this case was not one of those arguments. We have consistently observed that new legal theories cannot be raised for the first time on appeal. *State v. Smith*, 2022-Ohio-2383, ¶ 29 (12th Dist.). *See also State v. Keating,* 2020-Ohio-2770, ¶ 27 (12th Dist.)*; State v. Kirk,* 2020-Ohio-323, ¶ 25 (12th Dist.).

{¶ 18} We also conclude Howard has waived all arguments on appeal by pleading no contest. As noted above, the purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant binding a defendant over to the grand jury. However, "[a] plea of no contest . . . is an admission of the truth of the facts alleged in the indictment, information, or complaint . . ." Ohio Crim.R. 11(B)(2). We have thus previously held that "[a] plea of no contest waives the defendant's right to raise any error or procedural irregularity on appeal [including those regarding a preliminary hearing] other than an error by the trial court in ruling on certain pretrial motions." *State v. Croley*, 1997 WL 327589, *2 (12th Dist. June 16, 1997). *See also* Ohio Crim.R. 12(I). The record of this case shows no pretrial motions regarding the denial of a preliminary hearing or the establishment of probable cause. As a result, Howard fully admitted to the underlying facts of this case and the existence of probable cause by pleading no contest.

**{¶ 19}** For the foregoing reasons, we overrule Howard's assignments of error.

**{¶ 20}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.