[Cite as *State v. Bliffin*, 2025-Ohio-2809.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2025-A-0001** |
| | **2025-A-0002** |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| DAVID MATTHEW BLIFFIN, | |
| | Trial Court Nos. 2024 CR 00314 |
| Defendant-Appellant. | 2024 CR 00343 |

---

## OPINION AND JUDGMENT ENTRY

Decided: August 11, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, David Matthew Bliffin, appeals the judgments imposing prison following his admission to violating probation in two separate cases. We affirm.

{¶2} In 2024, in the trial court case number 2024 CR 00314, Bliffin was charged with breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A) and (C); and vandalism, a fifth-degree felony, in violation of R.C. 2909.05(B)(1)(b) and (E). In a separate case, 2024 CR 00343, Bliffin was charged with attempted grand theft of a motor vehicle, a fifth-degree felony, in violation of R.C. 2923.02 and 2913.02(A)(1) and (B)(5).

{¶3} Following plea negotiations, Bliffin pleaded guilty to the breaking and entering charge in case number 2024 CR 00314, and the State agreed to dismiss the

vandalism charge in that case. In case number 2024 CR 00343, Bliffin pleaded guilty to an amended count of vandalism, a fifth-degree felony, in violation of R.C. 2909.05(B)(1)(b) and (E). The trial court sentenced Bliffin to concurrent, two-year terms of community control in each case. As part of the community control conditions, the trial court required Bliffin to enter, and successfully complete, residential treatment at Alpha House and follow any aftercare recommendations.

{¶4} Thereafter, the probation department filed complaints in each case alleging that Bliffin violated the terms of his community control due to his unsuccessful discharge from Alpha House. Bliffin waived the probable cause hearings and requested the matters be set for final hearings. Following negotiations with the State, Bliffin admitted the violations. The parties jointly recommended a 12-month term of incarceration in each case, to run concurrently, with 134 days of jail credit. The trial court adopted the recommendation and imposed sentences accordingly.

{¶5} Bliffin noticed appeals from each sentencing entry, and this court consolidated the appeals for all purposes. In his sole assigned error, Bliffin argues:

{¶6} "The trial court erred when it sentenced appellant to a prison term when clearly and convincingly the record failed to support its findings."

{¶7} Bliffin challenges the trial court's imposition of prison sentences on his community control violations. "The Ohio Supreme Court has affirmed that a hearing to impose a sentence for a violation of community control is a sentencing hearing and, therefore, compliance with the relevant sentencing statutes is required." *State v. Scott*, 2021-Ohio-1368, ¶ 13 (11th Dist.), citing *State v. Jackson*, 2016-Ohio-8127, ¶ 11.

{¶8} "'As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2).'" *State v. Hogya*, 2024-Ohio-639, ¶ 11 (11th Dist.), quoting *State v. Demangone*, 2023-Ohio-2522, ¶ 11 (12th Dist.); and *State v. Elliott*, 2023-Ohio-1459, ¶ 11 (1st Dist.).

{¶9} R.C. 2953.08(G)(2) provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶10} However, R.C. 2953.08(D)(1) precludes our review of a sentence under that section "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[T]o be 'authorized by law' under R.C. 2953.08(D)(1), a sentence must comport with all applicable mandatory sentencing provisions." (Internal citation omitted.) *State v. Sergent*, 2016-Ohio-2696, ¶ 29.

Case Nos. 2025-A-0001 and 2025-A-0002

{¶11} Here, as discussed in our recitation of the facts, the parties jointly recommended the concurrent, 12-month prison term imposed in each case. Thus, R.C. 2953.08(D)(1) precludes our review of these sentences if they are authorized by law.

{¶12} With respect to sentencing on community control violations, R.C. 2929.15(B)(1)(c) provides that, subject to certain conditions, a trial court may impose a prison term on an offender who violates community control. The prison term may not exceed the term specific in the notice provided to the offender at the sentencing hearing on the underlying offense. R.C. 2929.15(B)(3). In addition, "[i]f the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days." R.C. 2929.15(B)(1)(c)(i).

{¶13} In 2021, the legislature amended R.C. 2929.15 to include a definition of a "technical violation" as follows:

> As used in this section, "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree. . . and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

R.C. 2929.15(E). *See State v. Duckett*, 2021-Ohio-3110, ¶ 17 (4th Dist.), quoting *State v. Davis*, 2018-Ohio-2672, ¶ 17 (12th Dist.) (discussing the prior judicially created definition

Case Nos. 2025-A-0001 and 2025-A-0002

of a "technical violation" as being "akin to 'an administrative requirement facilitating community control supervision'").

{¶14} Accordingly, R.C. 2953.08(D)(1) precludes our review of the 12-month sentences imposed for the community control violations unless: (1) the sentences exceed the terms specified in the notices provided to Bliffin at the original sentencing hearings, or (2) the sentences were imposed for technical violations of community control. However, Bliffin makes no argument as to either issue. Because an appellant bears the burden of affirmatively demonstrating error, Bliffin's failure to address these issues is fatal to his appeal. *See Machlup v. Bowman*, 2021-Ohio-4370, ¶ 6 (11th Dist.), citing *Tally v. Patrick*, 2009-Ohio-1831, ¶ 22 (11th Dist.) ("It is the appellant's burden to affirmatively demonstrate error on appeal."). *See also Yoel v. Yoel*, 2012-Ohio-643, ¶ 18 (11th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("The appellant bears the burden of demonstrating error by reference to the record of proceedings . . . .").

{¶15} Nonetheless, we note that, although the record does not contain a transcript of the original sentencing hearings, the original sentencing entries each state that the court advised Bliffin if he violated a condition of community control, it could impose on him a prison term of 6, 7, 8, 9, 10, 11, or 12 months, to run concurrently or consecutively with the sentence imposed in the other case. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp* at 199. Therefore, even had Bliffin argued that the trial court failed to notify him at the original sentencing hearings that violations of his community control could result in prison terms

Case Nos. 2025-A-0001 and 2025-A-0002

of up to 12 months, without a transcript of the hearings, this court would presume the trial court had properly provided him with the notifications. *See also* R.C. 2929.14(A)(5) (authorizing definite prison term of 6, 7, 8, 9, 10, 11, or 12 months for a fifth-degree felony).

{¶16} Further, the violations resulted from Bliffin's failure to successfully complete a residential treatment program as ordered in the original sentencing entries, and this court has noted "that the failure to complete a treatment program when ordered to do so as a condition of a community control sanction has often been found to be non-technical in nature, although some of these cases were decided prior to adoption of the statutory definition of a 'technical violation' on April 12, 2021." *Hogya*, 2024-Ohio-639, at ¶ 14 (11th Dist.), citing *State v. Castner*, 2020-Ohio-4950, ¶ 16; *State v. Elliott*, 2023-Ohio-1459, at ¶ 16 (1st Dist.); *State v. Mannah*, 2018-Ohio-4219, ¶ 15 (5th Dist.); and *Davis*, 2018-Ohio-2672, at ¶ 18 (12th Dist.).

{¶17} Accordingly, Bliffin has not demonstrated that the prison terms imposed in these cases were not authorized by law and because the trial court imposed the sentences that were recommended jointly by Bliffin and the State, R.C. 2953.08(D)(1) precludes our review of the sentences.

{¶18} Therefore, the assigned error lacks merit.

{¶19} The judgments are affirmed.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error lacks merit.  It is the judgment and order of this court that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

JUDGE EUGENE A. LUCCI

JUDGE JOHN J. EKLUND,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-A-0001 and 2025-A-0002