[Cite as *State v. McKinney*, 2026-Ohio-2256.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MARLIN D. MCKINNEY,

        Defendant-Appellant.

CASE NO. 2025-P-0066

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2025 CR 00389

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill* and *Vincent V. Vigluicci*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}    Appellant, Marlin D. McKinney, appeals the judgment imposing sentence following his guilty plea to charges of sexual battery, abduction, and domestic violence. We affirm.

{¶2}    In 2005, McKinney was indicted on charges of rape, kidnapping, domestic violence, and disrupting public service. Following plea negotiations, on August 4, 2025, McKinney entered a guilty plea to the following amended counts pursuant to Crim.R. 11(F): sexual battery, a third-degree felony, in violation of R.C. 2907.03; abduction, a third-degree felony, in violation of R.C. 2905.02; and domestic violence, a fourth-degree

felony, in violation of R.C. 2919.25. The trial court accepted the plea, entered guilty findings on the three amended counts, dismissed the remainder of the indictment, and set the matter for sentencing.

{¶3} At sentencing, the court imposed 12-month prison sentences on each count, to run concurrently, credited McKinney with 94 days of jail time credit, and assessed a $300 fine plus costs.

{¶4} In his first assigned error, McKinney maintains:

{¶5} "Mr. McKinney's plea was not knowingly, intelligently, or voluntarily entered into and is therefore contrary to law."

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Citations omitted.) *State v. Engle*, 1996-Ohio-179, ¶ 7. "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." (Citations omitted.) *State v. Hull*, 2017-Ohio-157, ¶ 45 (11th Dist.). "Crim.R. 11 was adopted to give trial courts detailed instructions on the procedures to follow before accepting guilty pleas." (Citations omitted.) *State v. Patton*, 2026-Ohio-780, ¶ 23 (11th Dist.). Accordingly, a guilty plea is generally presumed "to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant

will be waiving certain constitutional rights by entering his plea." *State v. Facemire*, 2025-Ohio-1500, ¶ 23 (11th Dist.).

{¶7} On appeal, McKinney does not dispute that the trial court complied with Crim.R. 11 when he entered his plea. Instead, McKinney maintains that he did not knowingly, intelligently, or voluntarily enter his plea because the record demonstrates that he did not understand the consequences of his guilty plea and he did not want to waive his right to a jury trial, but he succumbed to pressure from the trial court to accept the State's plea offer.

{¶8} During the Crim.R. 11 colloquy the following exchange occurred:

THE COURT: Sir, do you understand the effect of your guilty plea and its consequences including registering as a Tier III Sex Offender?

[MCKINNEY]: Yes, Your Honor.

{¶9} Later during the colloquy, McKinney indicated that he wished to go to trial during the following exchange:

THE COURT: Sir, do you understand you have the right to confront and cross-examine witnesses against you?

[MCKINNEY]: Yes, Your Honor. I --

THE COURT: Are you waiving that right?

[MCKINNEY]: No.

THE COURT: You're not waiving that right?

[MCKINNEY]: I want to go to trial.

THE COURT: Okay. Again, like I said, if you're convicted on just one of those --

[MCKINNEY]: I understand.

THE COURT: -- it's 16 and a half years, you know?

[MCKINNEY]: I understand.

THE COURT: And if you're found guilty on two of them --

[MCKINNEY]: It looks bad.

THE COURT: How old are you?

[MCKINNEY]: Thirty-five.

THE COURT: Okay.

[DEFENSE COUNSEL]: Judge, I would just ask to inquire that if he is proceeding to do so, if it is tomorrow, that he is once again waiving the right to have that [rape] kit provided by the Prosecutor's office.

[MCKINNEY]: Yeah. I understand.

THE COURT: You are waiving that right?

[MCKINNEY]: Yes. And I would like to ask if we have any other exculpatory evidence from the prosecution.

THE COURT: If in fact the rape kit does exist --

[MCKINNEY]: No. Besides that, any other exculpatory evidence?

THE COURT: What else?

[DEFENSE COUNSEL]: He believes that there's an interview of him from I believe it was Aurora PD. Everything that I know of has been provided by the State. I don't see any --

[THE STATE]: There is an interview and it's on DocuShare.

[DEFENSE COUNSEL]: Yeah. I think there's -- the interview on DocuShare is with PCSO, I believe. I think --

[THE STATE]: No.

[DEFENSE COUNSEL]: I think he's claiming there's another one.

Case No. 2025-P-0066

[THE STATE]: There is.

[DEFENSE COUNSEL]: Everything uploaded I believe we've seen.

[MCKINNEY]: No, I haven't.

[THE STATE]: There is Byrad -- sorry. I don't know how to pronounce his name. It is on DocuShare. He was in plain clothes. It was the day he was arrested. That interview was conducted of him. He makes a lot of statements in there. It is on DocuShare.

[MCKINNEY]: Yeah. It wasn't in my discovery though.

[DEFENSE COUNSEL]: Yeah. If -- as long as it's all the videos in DocuShare, I believe we have everything.

[MCKINNEY]: I haven't seen it.

THE COURT: Sir, again, I don't know anything about this case.

[MCKINNEY]: Right.

THE COURT: But, man, you're being offered one year.

[MCKINNEY]: Yeah.

[THE STATE]: That offer would be --

THE COURT: With credit for time served.

[MCKINNEY]: Yeah. But I got to be a sex offender for the rest of my life. And a lot of it isn't true, so it's a risk I'm willing to take.

THE COURT: Again, I hate to see somebody throw away a good opportunity.

[Defense counsel] knows the law. He knows what the evidence is. He's advising you to take this plea.

[MCKINNEY]: I understand.

THE COURT: You know?

[MCKINNEY]: I haven't even – [the prosecutor] just told me some more evidence and I haven't even seen it.

[THE STATE]: Your Honor, maybe since he signed a time waiver does he want more time?

We can get the rape kit. Potentially when we get all those medical records there could be other records that we could request from that, so I don't know the extent of what is in her medical records 'cause I've not seen them. It could lead to other medical records, all of which he would be waiving the right to see or avail himself of at trial going forward tomorrow.

THE COURT: Do you understand that?

[MCKINNEY]: No. Would you say it again?

[DEFENSE COUNSEL]: You'd be waiving your right to access any of the records that could be provided with whatever comes from the rape kit.

[MCKINNEY]: We can proceed, Pittman [(surname of the trial court judge)]. Okay. I'll proceed.

THE COURT: What do you want to do?

[MCKINNEY] I'm guilty.

THE COURT: He wants to what?

[THE STATE]: He said guilty.

[MCKINNEY]: Yeah.

THE COURT: You want to go forward with the plea?

[MCKINNEY]: Yes. Yeah. I'm sorry. I just want this to be over. I have a son to get back to.

THE COURT: Okay.

[MCKINNEY]: That's it. I'm just trying to get back to my son. I'm sorry.

THE COURT: Let me go over the rest of your rights with you, okay?

[MCKINNEY]: Yes.

{¶10} The court then proceeded with the remainder of the plea colloquy, during which McKinney affirmed that he understood the rights he was waiving by entering his plea.

{¶11} The trial court's remarks at the change-of-plea hearing are fairly understood as encouraging McKinney to accept the plea offer. "Although [the Supreme Court of Ohio] strongly discourages judge participation in plea negotiations," such participation does not per se render a plea invalid under the Ohio and United States Constitutions. *State v. Byrd*, 63 Ohio St.2d 288, 293 (1980). "Such participation, however, due to the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume." *Id.* Therefore,

> [A] trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea. Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution.

*Byrd* at 293-294.

{¶12} However, here, it appears from the record that McKinney's decision to enter his guilty plea was ultimately influenced by personal factors (returning home to his son), and, although the court expressed its opinion that the plea agreement was favorable to him, it did not coerce him into entering the plea. Nor would the court's comments have

Case No. 2025-P-0066

led him to believe that he could not get a fair trial or that the judge would be biased against him.

{¶13}   Accordingly, McKinney's first assigned error lacks merit.

{¶14}   In his second and third assigned errors, McKinney argues:

{¶15}   "[2.] The trial court violated Mr. McKinney's statutory and constitutional right to a speedy trial."

{¶16}   "[3.] Mr. McKinney's plea was the result of ineffective assistance of counsel by failing to file a motion to dismiss for statutory and constitutional speedy trial violations and therefore the plea was taken in violation of the defendant-appel[l]ant's Sixth Amendment right to counsel and is therefore contrary to law."

{¶17}   With respect to McKinney's second assigned error, in *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1985), the Supreme Court of Ohio held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal."

{¶18}   Accordingly, McKinney has waived his right to directly challenge the speedy trial time, and his second assigned error lacks merit. However, we proceed to review the speedy trial issue in the context of ineffective assistance of trial counsel pursuant to McKinney's third assigned error.

{¶19}   To prevail on a claim of ineffective assistance of counsel, "a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *State v. Davis*, 2020-Ohio-309, ¶ 10, citing *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989); and *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Thus, the defendant must demonstrate that counsel's performance fell below

an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Davis* at ¶ 10, citing *Bradley* at paragraphs two and three of the syllabus.

{¶20} "'When a defendant enters a guilty plea, he waives a claim of ineffective assistance of counsel except to the extent that ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.'" *State v. Hogya*, 2024-Ohio-639, ¶ 23 (11th Dist.), quoting *State v. Hatcher*, 2023-Ohio-3884, ¶ 24 (8th Dist.); *State v. Brown*, 2023-Ohio-2540 ¶ 9 (11th Dist.). "'To prevail on an ineffective assistance of counsel claim in such circumstances, the defendant must show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial.'" *Hoyga* at ¶ 23, quoting *Hatcher* at ¶ 24.

{¶21} McKinney argues that he entered his guilty plea and executed a time waiver after having spent 91 days in confinement relative to this case in violation of his statutory speedy trial rights, and his trial counsel was ineffective for failing to move to dismiss.

{¶22} Pursuant to R.C. 2945.71(C)(2), "A person against whom a charge of felony is pending. . . . [e]xcept as provided in division (C) of section 2945.73 of the Revised Code, shall be brought to trial within two hundred seventy days after the person's arrest." For purposes of computing this time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶23} However, pursuant to R.C. 2945.72, the time for trial may be extended for certain periods, including "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the

Case No. 2025-P-0066

accused's own motion. . . ." R.C. 2945.72(H). The period may also be tolled by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused. . . ." R.C. 2945.72(E).

{¶24} Assuming, as McKinney contends, that he was arrested on May 6, 2025, and he spent the entirety of the time between arrest and his plea in jail, he would have been confined for 90, not 91 days, for speedy-trial purposes on the day he entered his plea. *See State v. Clark*, 2015-Ohio-1209, ¶ 21 (11th Dist.) (the date of arrest is not included in the calculation of speedy trial time). Further, the State points to at least two tolling events that occurred during this time. First, McKinney filed a demand for discovery on May 29, 2025, and he moved for a continuance from July 15, 2025 to July 25, 2025, which was granted. *See* R.C. 2945.72(E) and (H). Although it is not clear from the record when McKinney received discovery, the 10-day tolling from the continuance alone reduced the jail days to 80. Accordingly, there was no speedy trial violation.

{¶25} Therefore, McKinney cannot demonstrate that counsel was deficient for failing to raise a speedy trial issue or that McKinney was prejudiced by alleged deficient performance. Therefore, McKinney's third assigned error lacks merit.

{¶26} The judgment is affirmed.


MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0066

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0066