[Cite as *State v. Trager*, 2026-Ohio-250.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0078 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0313 |
| PHEONA TRAGER | |
| Defendant – Appellant | Judgment:  Affirmed |
| | Date of Judgment Entry:January 28, 2026 |

**BEFORE:**  CRAIG R. BALDWIN, P.J**.,** KEVIN W. POPHAM, J., DAVID M. GORMLEY, J., Appellate Judges

**APPEARANCES:** RON WELCH, JOSEPH A. PALMER for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant


OPINION

*Popham, J.,*

{¶1}    Appellant Pheona Trager appeals the judgment entered by the Muskingum County Court of Common Pleas convicting and sentencing her following her pleas of guilty.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    The following facts are adduced from the change-of-plea and sentencing hearings held on June 23, 2025, and July 28, 2025.

{¶3}    On April 3, 2025, detectives with the Central Ohio Drug Enforcement Task Force conducted a controlled buy of methamphetamine from Dustin Thorpe ("Thorpe"),

Trager's co-defendant, utilizing a confidential informant. Trager is Thorpe's girlfriend. She was present at the home during the controlled buy.

{¶4} On April 24, 2025, detectives conducted a second controlled buy utilizing the confidential informant. Both Thorpe and Trager were at the residence during the second buy, during which Thorpe instructed Trager to retrieve the methamphetamine from the residence and provide it to the confidential informant. The same day - April 24, 2025 - detectives executed a search warrant at the residential address where Thorpe and Trager sold the confidential informant methamphetamine. Detectives located the following items inside the residence: a .22 long rifle, a Ruger EC9, a Desert Eagle .40 caliber handgun, a Remington Magnum shotgun, an Encore muzzleloader, a .50 caliber muzzleloader, a Marlin 30-30 rifle, $3,250 in cash, methamphetamine in a wallet hanging on the side of the bed, and psilocybin mushrooms in the closet.

{¶5} Trager pled guilty to Count 4, possession of a controlled substance (methamphetamine), with a firearm and forfeiture specification, a felony of the second degree, Count 6, possession of a controlled substance (psilocybin), with a forfeiture specification, a felony of the fifth degree, and Count 7, permitting drug abuse, with a firearm and forfeiture specification, a felony of the fifth degree. In exchange for Trager's plea of guilty, the State dismissed three counts (aggravated trafficking in drugs, possession of a controlled substance, and possession of drug paraphernalia) and the firearm specification attached to Count 6.

{¶6} The parties did not jointly recommend a sentence. Rather, they agreed to argue their positions at the sentencing hearing. The State argued for an aggregate prison sentence of seven years. Counsel for Trager argued for the minimum possible prison

sentence of three years, highlighting Trager's youth, lack of criminal record, mental health issues, and drug addiction issues.

{¶7} At a sentencing hearing on July 28, 2025, the trial judge stated he reviewed the presentence investigation. In addition, the trial judge heard from the prosecutor, defense counsel, and Trager herself, who admitted that, instead of ending her relationship with Thorpe when he started dealing drugs, she supported him in that endeavor. Trager also admitted that she was present at the home when the buys occurred.

{¶8} In a July 29, 2025, judgment entry, the trial court stated it considered the record, all statements, the principles and purposes of sentencing contained in R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12. The trial court sentenced Trager to an aggregate indefinite prison term of six to eight and one-half years. The trial judge specifically noted that he was not sentencing Trager to the maximum sentence, because she is young and did not have a previous criminal record.

{¶9} Trager appeals from the July 29, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶10} "I. THE MINIMUM SANCTIONS TO ACHIEVE THE PURPOSE OF R.C. 2929.11 WERE NOT REFLECTED IN THE SENTENCE APPELLANT RECEIVED."

I.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08 provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's

findings under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), or the sentence is otherwise contrary to law. *Id.*

{¶12} Nothing in R.C. 2953.08 permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729. Instead, we may only determine if the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

{¶13} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Taylor*, 2024-Ohio-238 (5th Dist.).

{¶14} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶15} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony and gives detailed criteria, which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. and R.C. 2929.12.

{¶16} In this case, the judgment entry states the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Further, the sentence imposed by the trial court is within the statutory guidelines.

{¶17} Trager argues that her sentence imposes on her more than minimum sanctions that would accomplish the purpose of R.C. 2929.11, and she claims that the trial court failed to adequately consider mitigating factors, such as her lack of a criminal record, her expression of remorse, and her genuine desire to seek treatment for substance abuse and mental health issues.

{¶18} While Trager may disagree with the weight given to the R.C. 2929.11 and R.C. 2929.12 factors by the trial judge, we have no basis for concluding the sentence in the instant case is clearly and convincingly contrary to law. The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Trager herself.

{¶19}   The trial judge sentenced Trager to less than the maximum sentence, ran the sentences for Counts 6 and 7 concurrently to the sentence for Count 4, and did not impose a prison term for the firearm specification attached to Count 7.  The trial judge specifically stated he was sentencing her to less prison time due to her youth, her lack of criminal history, and the fact that her participation in the drug trafficking was less severe than her co-defendant, who received a twelve-year prison sentence.  Thus, the trial court specifically took into consideration mitigating factors in fashioning the sentence.

{¶20}   We conclude the trial court did not commit error when it sentenced Trager.  Upon review, we find the trial court's sentencing complies with applicable rules and sentencing statutes.  Trager's assignment of error is overruled.

{¶21}   For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs to appellant Pheona Trager.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur