[Cite as *State v. Yates*, 2026-Ohio-1220.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY


STATE OF OHIO,                  :        CASE NO. 25CA1221

    Plaintiff-Appellee,       :

    v.                        :

RICKEY YATES, JR.,              :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.      :

_____
APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant[1].

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union,
Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-25-26
ABELE, J.

    **{¶1}** This is an appeal from an Adams County Common Pleas

Court sentence imposed for a community control violation.

Rickey Yates, Jr., defendant below and appellant herein, raises

the following assignment of error for review:

> "THE TRIAL COURT ERRED BY REVOKING THE
> COMMUNITY CONTROL OF APPELLANT AND IMPOSING
> A 36-MONTH PRISON SENTENCE."

    **{¶2}** In September 2021, an Adams County Grand Jury returned

an indictment that charged appellant with one count of

_____
[1] Different counsel represented appellant during the trial court proceedings.

aggravated drug possession in violation of R.C. 2925.11(A), with a finding that the amount constituted approximately 4.45 grams, a third-degree felony.  Appellant pleaded not guilty, but on January 28, 2022, he withdrew his not guilty plea and pleaded guilty to the indictment.

{¶3}  At appellant's February 22, 2022 sentencing hearing, after it considered the pertinent sentencing statutes and factors, the trial court sentenced appellant to: (1) serve a 4-year community control term, (2) serve a 1-year intensive supervision term, (3) complete 240 community service hours, (4) attend two Alcoholics Anonymous/Narcotics Anonymous (AA/NA) meetings per week for 24 months, (5) serve a 3-year operator's license suspension, and (6) pay costs.  Further, the court ordered R.C. 2925.38 mandatory notification to the Ohio Bureau of Motor Vehicles (OBMV) regarding appellant's commercial driver's license (CDL) issuance.  The court also informed appellant that a violation of any of the sentence conditions shall lead to a more restrictive sanction, a longer sanction, or a stated prison term of 3 years.  Specifically, the court emphasized in the sentencing entry that if the appellant "tests positive for any drug while on probation, he will serve out his 3 years."

{¶4}  In August 2022, the trial court granted appellant limited occupational driving privileges from June 1, 2022

through June 1, 2025, "but not CDL privileges." As appellant operated a trucking business, in October 2022 the court granted appellant's motion to remove the CDL restriction on his driving privileges and stated, "The defendant will be drug tested twice weekly by the Probation Department. All other previous driving privileges remain in place." Subsequently, the court granted limited occupational driving privileges to appellant from June 1, 2022 through June 1, 2025, "to, from and in the course of employment, to and from AA/NA meetings, and probation." In January 2023, the OBMV sent an email to the Adams County Clerk of Courts that stated, "Under ORC 4510.11, a CDL holder is not permitted to have driving privileges on a commercial vehicle. Driving privileges have been added to his suspension, but he may only drive his car." On January 31, 2023, the trial court sua sponte terminated the three-year operator's license suspension, effective February 1, 2023.

{¶5} On January 23, 2025, appellee moved to revoke appellant's community control. The notice of alleged sanction violations included:

> Condition #8: The defendant failed a random drug screen on January 17, 2025 for methamphetamine, amphetamine and THC;
>
> Condition # 10: The defendant has an outstanding balance of $1,132.00 in supervision fees; and

Condition # 11: The last date, provided from the defendant, that he went to an AA/NA meeting was September 10, 2022.

{¶6} At the January 29, 2025 probable cause hearing, appellee withdrew the violation of condition #10 due to insufficient documentation. With regard to the other two alleged violations, Probation Officer Chad Stanforth testified that appellant began community control on February 22, 2022. On January 17, 2025, appellant failed a random drug test when he tested positive for methamphetamine, amphetamine, and THC. With regard to appellant's 2-year, twice-weekly AA/NA meeting attendance requirement, Stanforth stated that appellant attended AA/NA meetings from July 20 to September 20, 2022, and attended some meetings for a family court requirement in a separate case, but failed to complete attendance for the remaining 11 months on his community control requirement. Appellant alleged condition #11 involved "a mix-up with all the different POs [probation officers]." Further, appellant stated that he attended AA/NA meetings in connection with another case, and that, upon conclusion of that case, he believed he had completed all AA/NA meetings.

{¶7} After the hearing, the trial court found probable cause that appellant "had possession and/or use of drugs, not specifically prescribed to the defendant, or in violation of ORC 2925," and "failed to regularly and timely attend two (2) AA/NA

meetings per week commencing week of June 1, 2022 for a period of 24 months with written proof provided to the supervising officer." Thus, the court found probable cause for conditions #8 and #11. At the full community control revocation hearing on February 13, 2025, appellant stipulated to the violation of Condition #8, and appellee withdrew the violation of Condition #11.

{¶8} At the April 30, 2025 sentencing hearing, after appellant's allocution and witness testimony on appellant's behalf, the trial court found that appellant is not amenable to community control and ordered that appellant serve the reserved three-year prison term. The trial court's May 6, 2025 community control revocation sentencing entry summarized that the court originally sentenced appellant on February 22, 2022, after he voluntarily pleaded guilty to and was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony. After appellee moved to revoke community control on January 23, 2025, the court noted that it held a probable cause hearing on January 29, 2025, and a full hearing on February 13, 2025, at which time the court found appellant to be in violation of the terms and conditions of community control. The court noted that it considered the record, oral statements, any victim impact statements, and the pre-sentence investigation report, as well as the R.C. 2929.11 principles and purposes of

sentencing and the R.C. 2929.12 seriousness and recidivism factors.

{¶9} Consequently, the trial court sentenced appellant to (1) serve a three-year prison term, (2) serve an optional maximum two-year postrelease control term, (3) and pay costs. This appeal followed.

{¶10} In his sole assignment of error, appellant asserts that the trial court erred when it revoked appellant's community control sanction and imposed a 36-month prison sentence. Specifically, appellant contends that, because he had been compliant with his community control "except for one positive drug screen," the court should have continued his community control. Appellee, however, argues that the trial court properly exercised its discretion when it concluded that appellant violated community control and properly reimposed the previously suspended sentence.

{¶11} Generally, appellate courts review trial court decisions to revoke community control sanctions under the abuse of discretion standard of review. *State v. Crose*, 2023-Ohio-880, ¶ 8 (3d Dist.); *State v. Mehl*, 2022-Ohio-1154, ¶ 7 (4th Dist.). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157-158 (1980); *State v. Cihon*, 2023-Ohio-3108, ¶ 19 (4th Dist.).

**{¶12}** As we noted in *Cihon, Mehl* acknowledged the two-part standard in community control revocation cases.  First, we review the record to determine "whether there is substantial evidence to support the court's finding that [the offender] violated the terms of . . . community control."  *Mehl* at ¶ 7, citing *In the Matter of C.M.C.,* 2009-Ohio-4223, ¶ 17 (4th Dist.).  If substantial evidence exists, "we review the court's ultimate decision to revoke . . . under the more deferential abuse of discretion standard."  *Id.*

> [A] trial court's decision to revoke community control is reviewed for an abuse of discretion, and in making its determination, a trial court can take into consideration the nature of the community control violation at issue, the manner in which the condition was violated, as well as any other relevant circumstances in the case. Further, trial courts are granted much greater latitude and discretion in their decision making when the violation is one of substance rather than form. Additionally, when a trial court determines that community control should be revoked and a prison term should be imposed, a trial court must consider both the seriousness of the original offense leading to the imposition of community control as well as the gravity of the community control violation. Finally, in imposing a prison sentence for a violation of community control, trial courts should consider the principles and purposes of felony sentences, should balance the seriousness and recidivism factors found in R.C. 2929.11 and R.C. 2929.12, and then should impose a prison term within the statutory range for the underlying offense, which the defendant was advised during his or her initial sentencing hearing.

> *Mehl* at ¶ 18.

**{¶13}** Appellant contends that, although a trial court has great discretion to determine whether to continue an offender on

community control, the trial court here should have given appellant another chance in lieu of imposing a prison sentence. Appellant argues that he (1) admitted to the one-time violation, (2) has engaged in substance abuse treatment since the violation, (3) completed his community service condition, (4) completed two AA/NA meetings per week from July of 2022 until September of 2022, and when ordered to complete treatment through family court, he argues he attended for six months, (5) his most recent probation officer admitted in his final ten months of supervision that there were no major issues aside from the one failed drug screen, and (6) a witness spoke on his behalf that appellant is a hard worker surrounded by many bad influences.

{¶14} Appellant provides no authority for his contention that the trial court must give appellant another chance and continue his community control, nor do we find any. The right to continue on community control depends on compliance with community control conditions and is within a court's sound discretion. *State v. Lewis*, 2010-Ohio-3652, ¶ 11 (2d Dist.). Further, because a community control revocation hearing is not a criminal trial, the State need not establish a violation by proof beyond a reasonable doubt. *State v. Payne,* 2002-Ohio-1916 (12th Dist.)*,* citing *State v. Hylton*, 75 Ohio App.3d 778, 782 (4th Dist. 1991). Instead, "the State need only present

substantial evidence of a violation of the terms of a defendant's community control." *State v. Brandon*, 2010-Ohio-1902, ¶ 17. "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance." *State v. Ohly,* 2006-Ohio-2353, ¶ 18 (6th Dist.).

**{¶15}** When making its substantial-evidence determination, a trial court may consider witness credibility. *State v. Shamblin,* 2021-Ohio-3784, ¶ 10 (3d Dist.), citing *State v. Miller,* 2004-Ohio-1007, ¶ 10 (10th Dist.). "Similar to a bench trial, when reaching its decision following an evidentiary hearing, the trial court, as the finder of fact, [is] free to believe all, part, or none of the testimony of each witness and to draw reasonable inferences from the evidence presented." *State v. McGail,* 2021-Ohio-231, ¶ 92 (2d Dist.), citing *State v. Baker*, 2014-Ohio-3163, ¶ 28 (2d Dist.).

**{¶16}** In *State v. Vargas,* 2024-Ohio-1797 (2d Dist.), similar to the case at bar, the defendant's original conviction was a third-degree felony drug charge (aggravated drug possession). Vargas argued that the trial court erred when it found a community control violation based on a positive drug test. The court concluded that the record supported the trial court's revocation decision. "Even setting aside Vargas's spontaneous admission to using methamphetamine four days before the

revocation hearing, the positive results on the initial urine test and the toxicology lab's subsequent test were probative of his methamphetamine use." *Id.* at ¶ 13. The court noted the weight and credibility of the test results and the defendant's testimony were matters for the trial court to evaluate. *Id. See also State v. Wolfson,* 2004-Ohio-2750, ¶ 12 (4th Dist.)(trial court revoked defendant's community control solely based on her voluntary conduct, noting defendant chose to drink alcohol, use illegal drugs, and lie to community control officers).

{¶17} The Twelfth District has held that " '[a] trial court does not abuse its discretion by revoking an offender's community control where the violation in question was one over which the offender had control.' " *State v. Motz,* 2020-Ohio-4356, ¶ 28 (12th Dist.), citing *State v. Noonan*, 2019-Ohio-2960, ¶ 19 (12th Dist.), quoting *State v. Tranter*, 2001 WL 290192, *3 (12th Dist. Mar. 26, 2001). *See also State v. Black,* 2011-Ohio-1273, ¶ 17 (2d Dist.)("[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation."). The privilege of community control rests on a defendant's compliance with its conditions, and any violation of those conditions may properly be used to revoke the privilege. *State v. Smith*, 2020-Ohio-3235, ¶ 9 (12th Dist.).

{¶18} Although in the case sub judice appellant does not raise the issue of technical versus non-technical violation, we note that for certain felony offenses, R.C. 2929.15(E) defines "technical violation" of community control as:

> (E) As used in this section, "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:
>
> (1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.
>
> (2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

{¶19} However, we observe that appellant's violation does not qualify as a technical violation because his underlying aggravated drug possession conviction is a third-degree felony, and his violation, using methamphetamine, is a felony criminal offense.

{¶20} Further, we are aware that, pursuant to R.C. 2929.13(E)(2), a sentence for a community control violation should not be solely based on one positive drug test result unless the trial court finds that the offender continues to use drugs after drug treatment, or that prison is necessary

according to R.C. 2929.11. In the case at bar, however, we conclude that the trial court did both.

{¶21} First, appellee charged appellant with three violations (1) Condition #8- drug use, (2) Condition # 10 – outstanding supervision fee balance (later withdrawn), and (3) Condition #11 -failure to attend required AA/NA meetings. Appellee later withdrew Conditions 10 and 11, but appellant's probation officer testified that, although community control terms in the present case required appellant to attend twice-weekly AA/NA meetings for two years, appellant attended from July to September 2022. "Then I guess he was amended to do family court stuff, and he did that for six months. So, he failed to complete another 11 months of AA and NA." Thus, appellant failed to complete his two-year AA/NA attendance condition. We note that appellee also stated on the record at the probable cause hearing with respect to bond, "The defendant was tested positive for methamphetamine. It seems he's been driving a heavy equipment truck, dump truck around. I think that puts the public at humongous risk of harm."

{¶22} At sentencing, the trial court stated:

> The court notes it has considered the record, the oral statements, any victim impact statements. The previous and now updated pre-sentence investigation report as well as principles and purposes of sentencing under Ohio Revised Code Section 2929.11. Further, this court has balanced the seriousness and recidivism factors of 2929.12.

> The court notes that a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing is to protect the public from future crime by the offender and others. As well as to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden upon the state or local governmental resources. To achieve those purposes the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender as well as making restitution to the victim of the offense, the public or both.

The trial court further noted that it had taken "risks" to help appellant and had made several community control modifications "to give you [appellant] a chance. . . So Mr. Yates, I took one heck of a chance with you. I got a lot of criticism for giving you a chance."

{¶23} We observe that the trial court's three-year sentence is within the statutory range for a third-degree felony. R.C. 2925.11(A). In addition, the court informed appellant at his original sentencing hearing that it would impose a three-year prison term if he violated the terms of his community control. In revoking appellant's community control, the court indicated that it considered the principles and factors in R.C. 2929.11 and 2929.12, and it provided detailed reasons for its sentence. The three-year sentence is not contrary to law.

{¶24} Upon revoking a defendant's community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed, the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing, and the term complies with any applicable limitation in R.C. 2929.15(B)(1)(c). In the case at bar, we conclude that the record supports the trial court's conclusion that appellee adduced substantial proof that appellant violated his community control terms. Consequently, we do not believe that the trial court abused its discretion when it revoked appellant's community control term and imposed his reserved three-year prison sentence.

{¶25} Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.

                                        JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.