[Cite as *State v. Lusby*, 2026-Ohio-1985.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

STATE OF OHIO

        Plaintiff – Appellee

-vs-

BRANDEN L. LUSBY

        Defendant - Appellant

Case No. 25-CAA-11-0097

Opinion And Judgment Entry

Appeal from the Muskiingum County Court of Common Pleas, Case No.24 CRI 12-0706

Judgment: Affirmed

Date of Judgment Entry: May 28, 2026

BEFORE: William B. Hoffman, Robert G. Montgomery, and Kevin W. Popham, Judges

APPEARANCES: Melissa A. Schiffel (Prosecuting Attorney), Kathryn Munger, for Plaintiff-Appellee; Jonathan W. Klein, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1} Appellant, Branden Lusby ("Lusby"), appeals the October 7, 2025, judgment entry of the Court of Common Pleas for Delaware County, Ohio revoking his community control and imposing a prison sentence. For the reasons below, we affirm the judgment of the trial court.

**Facts and Procedural History**

{¶2} On December 5, 2024, a Delaware County Grand Jury indicted Lusby on the following: Count One, grand theft of a motor vehicle, a felony of the fourth degree; Counts Two and Three, failure to comply with the order or signal of a police officer ("FTC"), felonies of the third degree; and Count Four, assault, a felony of the fourth degree.

{¶3} On April 23, 2025, pursuant to a written plea agreement, Lusby entered guilty pleas to Count Three (FTC) and Count Four (assault). In exchange, the State dismissed Counts One and Two. The trial court accepted Lusby's pleas, ordered a presentence investigation report, and deferred sentencing. (Judgment Entry, Apr. 23, 2025).

{¶4} On July 17, 2025, the trial court sentenced Lusby to three years of community control subject to specified conditions. Those conditions required Lusby to remain in custody until placement at the West Central Community Based Correctional Facility ("CBCF"), successfully complete the CBCF program, refrain from committing new offenses, and report to probation upon release. The trial court also notified Lusby that, in the event of a violation, it reserved prison terms of 60 months on Count Three and 18 months on Count Four. (Judgment Entry, Jul. 18, 2025).

{¶5} On August 26, 2025, the State filed a motion to revoke Lusby's community control. On October 6, 2025, the trial court conducted a violation hearing, at which Lusby admitted that he violated the conditions of his community control by being unsuccessfully terminated from the CBCF program and by being arrested and convicted of obstructing official business and resisting arrest in Marysville, Ohio[1]. (Tr. Violation Hearing at 4, 8).

{¶6} After hearing from the parties and Lusby, the trial court considered the presentence investigation report, the July 5, 2025, psychological evaluation - requested by Lusby's attorney - and the September 22, 2025, violation report. The court revoked Lusby's community control and imposed a prison sentence of 30 months on Count Three

---

[1] Lusby was arrested on August 25, 2025, and convicted in Marysville Municipal Court, Case Number CRB2500400, on September 17, 2025, for Obstructing Official Business and Resisting arrest.

(FTC) and 15 months on Count Four (assault), to be served consecutively, for an aggregate term of 45 months. (Judgment Entry, Oct. 7, 2025).

## Assignment of Error

{¶7} Lusby raises one assignment of error:

{¶8} "I. THE TRIAL COURT FAILED TO PROPERLY WEIGH THE SERIOUSNESS FACTORS SET FORTH IN R.C. 2929.12."

## Standard of Review

{¶9} Community control is a privilege conditioned upon compliance with court-imposed terms. A violation of those conditions justifies revocation and the imposition of a reserved prison sentence. *State v. Smith*, 2020-Ohio-3235, ¶ 9 (12th Dist.); *State v. Yates*, 2026-Ohio-1220, ¶ 17 (4th Dist.).

{¶10} The decision to revoke community control lies within the sound discretion of the trial court. *State v. Garrett*, 2011-Ohio-691, ¶ 13 (5th Dist.); *State v. Brock*, 2018-Ohio-3404, ¶ 29 (5th Dist.). Upon finding a violation, the court may extend community control, impose more restrictive sanctions, or revoke community control and impose a prison term within the range authorized by R.C. 2929.14(A). *See*, R.C. 2929.15(C).

{¶11} A sentence imposed following a community control violation is reviewed under R.C. 2953.08(G)(2). *State v. Demangone*, 2023-Ohio-2522, ¶ 11 (12th Dist.); *State v. Elliott,* 2023-Ohio-1459, ¶ 11 (1st Dist.); *State v. Hogya*, 2024-Ohio-639, ¶ 11 (11th Dist.). An appellate court may modify or vacate a sentence only if it clearly and convincingly finds that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

{¶12} In conducting appellate review, this Court considers the entire record but may not reweigh the evidence or substitute its judgment for that of the trial court in applying R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42.

{¶13} A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, weighs the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the permissible statutory range. *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.); *State v. Trager,* 2026-Ohio-250, ¶ 12 (5th Dist.).

**Analysis**

{¶14} The sole issue in this case is whether the trial court abused its discretion in revoking Lusby's community control and imposing consecutive prison terms. It did not.

{¶15} The record demonstrates that Lusby admitted to violating the conditions of his community control. Specifically, he was unsuccessfully terminated from the CBCF program and committed new criminal offenses while under supervision. These violations alone justified revocation.

{¶16} The trial court further considered Lusby's history and characteristics, including his extensive criminal record. Lusby's criminal conduct began as a juvenile in 2009 and continued into adulthood. He had previously been terminated unsuccessfully from community control in both 2016 and 2018, resulting in prior prison sentences. (Tr. Violation Hearing at 14-17.) Despite multiple opportunities for rehabilitation, Lusby reoffended.

{¶17} The court also reviewed the presentence investigation report, the psychological evaluation, and the violation report before imposing sentence. This record reflects that the trial court considered the purposes and principles of felony sentencing

under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Moreover, the sentence for failure to comply was subject to the mandatory consecutive sentencing provisions of R.C. 2921.331(D).

{¶18} Although Lusby argues that the trial court failed to properly weigh those factors, this Court may not reweigh them. *Jones*, 2020-Ohio-6729. The question is not whether this Court would have imposed the same sentence, but whether the sentence is contrary to law or unsupported by the record. It is neither. The trial court imposed sentences within the statutory range and did not impose the maximum available terms.

{¶19} On this record, Lusby has failed to demonstrate that the trial court's decision to revoke his community control and to impose the reserved prison sentence was unreasonable, arbitrary, or unconscionable, or that his sentence is clearly and convincingly contrary to law.

**Conclusion**

{¶20} The trial court acted within its discretion in revoking Lusby's community control and imposing consecutive prison terms. The sentence is supported by the record and complies with applicable law.

{¶21} Lusby's sole assignment of error is overruled.

{¶22} For the reasons set forth in the preceding Opinion, the judgment of the Court of Common Pleas for Delaware County, Ohio is affirmed.

{¶23} Costs to be paid by Appellant Branden Lusby.


By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur